BLANCHE, Justice
(dissenting).
I respectfully dissent. The statute leaves to the discretion of the juvenile judge which juvenile, who has committed first or second degree murder, manslaughter, aggravated rape, armed robbery, aggravated burglary or aggravated kidnapping may be transferred to the district court for trial and punishment as a major. While the new legislative scheme for juvenile transfer was obviously intended to broaden the circumstances under which juveniles might be tried as adults, the statute is permissive, and it does not mandate that in every case there shall be a transfer. Neither does it mean that juveniles so transferred are transferred in accordance with the whim of the trial judge.
The permissive language of the article, “may transfer”, should be read together with the entire juvenile code, and the constitutional enactments in dealing with juveniles. In State v. Everfield, 342 So.2d 648 (La.1977), this Court first noted the review by the United States Supreme Court of the procedures used in waiving juvenile court jurisdiction under a statute of the District of Columbia. Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed. 2d 84 (1966). Comparing our scheme with Kent criteria, in Everfield we found that the provisions for transfer in Louisiana comply with and go beyond the due process standards outlined in Kent. Revised Statute 13:1571.1 does not stand in isolation. A juvenile court may not take action in a juvenile transfer proceeding without due regard to the general guidelines in applying principles set down in the Louisiana Constitution, art. 5, § 9, in the Code of Juvenile Procedure (arts. 2, 84, 85, 86, et seq.), statutes such as R.S. 13:1571.1, et seq. and specific constitutional requirements as explained by this Court in Ever-field. The majority admits that these articles provide that non criminal treatment of a juvenile is to be favored and call for the least restrictive disposition which the court finds will be conducive to his welfare and the best interests of the state.
In my opinion, we should not have declared R.S. 13:1571.1 as unconstitutional. We should have found that R.S. 13:1571.4 was unconstitutional and at odds with the requirements of due process as it limited evidence contrary to the positive provisions of the Juvenile Code. Such a course would have given meaning to the statute as' intended by the legislature and would have been in accordance with our duty to interpret a statute so as to render it operative.